UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'  JS-6

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | November 25, 2014 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:**   (IN CHAMBERS): PLAINTIFFS' MOTION TO REMAND (dkt. 16, filed November 3, 2014)

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (dkt. 15, filed November 3, 2014)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing currently scheduled for December 8, 2014 is hereby vacated, and the matter is taken under submission.

## I.   INTRODUCTION & BACKGROUND

Plaintiff Joan Harp initially filed this putative class action against defendants Starline Tours of Hollywood, Inc., Starline Sightseeing Tours, Inc., Starline Tours USA, Inc., Vahid Sapir, Farid Sapir, and Does 1 through 150 in Los Angeles County Superior Court on December 28, 2012. Dkt. 1-1.[1] Plaintiff filed a first amended complaint ("FAC") in state court on June 14, 2013. Dkt. 1-4. Soon thereafter, the state court struck plaintiff Harp's class allegations, and dismissed Harp as class representative. Dkts. 1-5; 1-6.[2] Plaintiffs subsequently added defendant EHM Productions, Inc., ("EHM") to the FAC. Dkt. 1-9.

---

[1] Herein, the Court refers to the entity defendants collectively as "the Starline defendants," and refers to the two individual defendants as "the Sapirs."

[2] William Brockman and Andres Reyes have been substituted as the named plaintiffs in this action. Dkt. 20-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-07704-CAS(Ex) | Date | November 25, 2014 |
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

  On September 29, 2014, the state court granted plaintiffs leave to file the operative Second Amended Complaint ("SAC"). Dkt. 1-14. The SAC asserts the following claims against the Starline defendants and the Sapirs: (1) failure to compensate for all hours worked, in violation of Cal. Labor Code §§ 1182, 1194, 1197, 1197.1, 1198; (2) failure to pay reporting time pay, in violation of Cal. Code Regs. Title 8, §§ 11040, 11090, Subd. 5; (3) failure to pay overtime compensation, in violation of Cal. Labor Code §§ 510, 1194, 1194.2, 1198; (4) failure to pay overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (5) failure to provide meal and rest periods, in violation of Cal. Labor Code §§ 226.7, 512; (6) failure to provide itemized wage statements, in violation of Cal. Labor Code § 226; (7) failure to maintain accurate records, in violation of Cal. Labor Code §§ 1174, 1174.5; (8) failure to pay wages upon discharge, in violation of Cal. Labor Code § 203; (9) violation of the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, *et seq.*; (10) conversion, in violation of Cal. Civil Code § 3336; (11) failure to reimburse expenses, in violation of Cal. Labor Code § 2802; (12) unfair competition, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

  In brief, plaintiffs are former hourly employees of EHM and the Starline defendants, businesses that operate sightseeing tours throughout California. <u>See generally</u> SAC. Plaintiffs seek to represent of class of current and former hourly employees who worked as drivers, pamphleteers, and in other positions for the entity defendants. <u>Id.</u>

  On October 3, 2014, the Starline defendants and the Sapirs, joined by defendant EHM, removed the action to this Court asserting federal question jurisdiction. Dkt. 1. On November 3, 2014, plaintiffs filed a motion to remand. Dkt. 16. The Starline defendants and the Sapirs filed an opposition on November 17, 2014, dkt. 22, and EHM filed a separate opposition on November 18, 2014, dkt. 25. Plaintiffs have not replied.

  Also on November 3, 2014, the Sapirs filed a motion to dismiss claims 1-3 and claims 5-12 pursuant to Rule 12(b)(6), or in the alternative, a motion for a more definite statement pursuant to Rule 12(e). Dkt. 15-1. Plaintiffs opposed the motion on November 17, 2014, dkt. 21, and the Sapirs replied on November 24, 2014, dkt. 27. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | November 25, 2014 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 20 S. Ct. 854 (1900); see also Schwarzer, *supra*, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## III. DISCUSSION

Defendants removed this action on the basis of federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | November 25, 2014 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

arising under the Constitution, laws, or treaties of the United States.").[3] Defendants assert that the Court has jurisdiction over the action because a federal claim for violation of the FLSA appears on the face of the SAC.

Whether federal question jurisdiction exists is governed by the well-pleaded complaint rule. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First National Bank in Meridian, 299 U.S. 109, 113 (1936); Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974). Thus, "[a]s the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation v. Dep't of Health and Envt'l Quality, 213 F.3d 1108, 1114 (9th Cir. 2000).

The parties do not dispute that a claim for violation of the federal FLSA appears on the face of plaintiffs' SAC. Nonetheless, plaintiffs contend that federal jurisdiction does not exist because they have pleaded their FLSA overtime claim "in the alternative" to their state law overtime claim. Mot. Remand at 3; see also SAC ("Fourth Cause of Action Unpaid Overtime (In the Alternative to California Overtime Law)"). According to plaintiffs, a federal claim does not "really" appear on the face of the SAC, and the FLSA allegations are merely "ancillary" to the state law claims. Mot. Remand at 5-6.

The Court is not persuaded by plaintiffs' arguments. Plaintiffs cite no authority, and the Court has found none, standing for the proposition that when a plaintiff pleads a federal claim, but labels it as pleaded "in the alternative" to a state law claim, the well-pleaded complaint rule no longer applies. Moreover, plaintiffs' argument that their FLSA claim is merely "ancillary" to their state law claims speaks to whether this Court should exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. section 1367, not to the propriety of removal. See 28 U.S.C. § 1367(c)(2) (explaining that a court may decline to exercise supplemental jurisdiction over state claims where those

---

[3] Defendants' notice of removal erroneously identified 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. However, it is clear from both the notice of removal and defendants' subsequent filings that they are asserting federal question jurisdiction, not diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | November 25, 2014 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction."). Accordingly, the Court DENIES plaintiffs' motion to remand.

Turning to the question of supplemental jurisdiction, pursuant to 28 U.S.C. section 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[O]nce judicial power exists under 28 U.S.C. § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F. 3d 999, 1000 (9th Cir.1997).

A district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The district court's decision whether to exercise supplemental jurisdiction is informed by whether exercising jurisdiction over the pendent state claims comports with the values of economy, convenience, fairness, and comity. Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (citing Executive Software N. Am. v. U.S.D.C. Cent. Dist., 24 F.3d 1545, 1557 (9th Cir.1994)).

Here, the Court finds that these values are best served by declining to exercise jurisdiction over plaintiffs' state claims. Plaintiff filed this action in state court nearly two years ago. Since that time, defendants have filed demurrers, named plaintiffs and defendants have been dismissed, and the state court judge presiding over the case has issued several orders. See Notice of Removal, Exs. B-O. Simply put, until plaintiffs added a federal claim to their SAC in September of this year, litigation is state court was progressing steadily. Indeed, in their notice of removal, defendants note "the size of the case file and the lengthy nature of the proceedings in the state court." Notice of Removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**  **JS-6**

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | November 25, 2014 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

at 4. In light of this, the Court DECLINES to exercise supplemental jurisdiction over plaintiffs' eleven state claims.

Moreover, because the Court declines to exercise jurisdiction over plaintiffs' state law claims, the Sapirs' motion to dismiss claims 1-3 and claims 5-12—i.e., the state claims—is DENIED as moot.

## IV.    CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiffs' motion to remand, but DECLINES to exercise supplemental jurisdiction over plaintiffs' state law claims. The Court also DENIES as moot the individual defendants' motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |