UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | May 13, 2015 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:**   (In Chambers) ORDER DECLINING TO ADOPT PLAINTIFFS' PROPOSED ORDER REMANDING STATE LAW CLAIMS (dkt. 57, filed April 26, 2015)

Plaintiffs initially filed this action in Los Angeles County Superior Court on December 28, 2012. Defendants removed plaintiffs' second amended complaint ("SAC") to this Court on October 3, 2014, pursuant to 28 U.S.C. § 1441(c). Dkt. 1. The SAC asserts twelve claims—eleven state law claims and one federal claim. By order dated November 25, 2014, the Court denied plaintiffs' motion to remand the action to state court, but declined to exercise supplemental jurisdiction over plaintiffs' eleven state law claims. Dkt. 28.

On April 26, 2015, plaintiffs filed a proposed order remanding their eleven state law claims. Dkt. 57. Defendants filed objections to this proposed order on April 28, 2015. Dkt. 58. Both plaintiffs' proposed order and defendants' objections thereto were bereft of legal authority to support their respective positions. In light of this, the Court ordered the parties to submit briefing setting forth such legal authority, noting that it appeared that plaintiffs' proper course of action is to move this Court to dismiss their state law claims without prejudice. Dkt. 61 (May 4, 2015 order). The Court received the parties' supplemental briefing on May 11, 2015. Dkts. 62, 63.

As plaintiffs' supplemental briefing clarifies, plaintiffs' proposed order remanding the eleven state law claims effectively constitutes a motion for reconsideration of the Court's November 25, 2014 order denying plaintiffs' motion to remand. Local Rule 7–18 sets forth the bases upon which the Court may reconsider its decision on any motion:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | May 13, 2015 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

Here, plaintiffs do not set forth any of the appropriate grounds for reconsidering an order pursuant to Local Rule 7-18. Rather, plaintiffs assert that the eleven state claims must be remanded pursuant to the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971). Pursuant to Younger and its progeny, federal courts are prohibited from granting relief that interferes with certain pending state proceedings. Under this doctrine, a federal court must abstain if four requirements are met: (1) *state court proceedings are pending when the federal action is filed*; (2) the state proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise the federal claims; and (4) the policies behind Younger are implicated by the actions requested of the federal court. Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

Plaintiffs appear to contend that removing an action from state court creates a pending state proceeding with which the removed action, now in federal court, conflicts. Pls.' Supp. Br. at 3 ("There was a pending State case for two years already when this case was initially removed."). This argument fails because "[r]emoval under 28 U.S.C. § 1441 simply does not leave behind a pending state proceeding that would permit Younger abstention." Village of DePue, Ill. v. Exxon Mobil Corp., 537 F.3d 775, 783 (7th Cir. 2008) (citing, inter alia, Kirkride v. Cont'l Cas. Co., 933 F.2d 729, 734 (9th Cir. 1991) (refusing to abstain on the basis of the Colorado River abstention doctrine from hearing a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              **'O'**

| Case No. | 2:14-cv-07704-CAS(Ex) | Date | May 13, 2015 |
|---|---|---|---|
| Title | JOAN HARP ET AL. V. STARLINE TOURS OF HOLLYWOOD, INC. ET AL. | | |

diversity suit merely because it had been removed from state court)); accord IndyMac Venture, LLC v. Silver Creek Crossing, LLC, 2009 WL 3698513, at *2 (W.D. Wash. Nov. 3, 2009) (citing Village of Depue and concluding that removal did not create a pending state action).  Absent a pending state action, Younger abstention is inappropriate.

Because plaintiffs have not established that reconsideration of the Court's November 25, 2014 order denying plaintiffs' motion for remand is proper under Local Rule 7-18, the Court DENIES plaintiffs' motion—or, more accurately, plaintiffs' proposed order—accordingly.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |