JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN HARP, an individual [Former] Class Representative On Behalf of Herself and All Others Similarly Situated Non-Exempt Former and Current Employees; *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>STARLINE TOURS OF HOLLYWOOD, INC., a California corporation; EHM PRODUCTIONS, INC.; *et al.*,<br><br>Defendant. | CASE NO. 2:14-cv-07704-CAS(Ex)<br><br>**[PROPOSED] JUDGMENT:**<br><br>**1) FINALLY APPROVING CLASS ACTION SETTLEMENT;**<br><br>**(2) GRANTING CLASS COUNSEL FEES AND COST AWARD; AND**<br><br>**(3) GRANTING PREMIUMS TO THE CLASS REPRESENTATIVES;**<br><br>**(4) ENTERING FINAL JUDGMENT.**<br><br>**Hearing Information:**<br>Date: November 18, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 8D<br><br>Judge: Hon. Christin A. Snyder<br><br>Complaint Filed: December 28, 2012<br>Removed: October 3, 2014 |

Plaintiff William Brockman's and Plaintiff Andres Reyes' unopposed Motion for Final Approval of Class Action Settlement (the "Motion") was heard by this Court on November 18, 2019 at 10:00 am. The Court, having considered

**[PROPOSED] JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

the Settlement Agreement (attached to the Memorandum in Support of the Unopposed Motion for Final Approval of Class Action Settlement [Dkt. 209-1] as "Exhibit A" and hereby referred to as "Settlement Agreement"), Motion, supporting papers, and the parties' evidence and argument, and good cause appearing, hereby grants Final Approval of the settlement and enters final judgment. Capitalized terms in this Order shall have the definitions set forth in the Class Action Settlement Agreement.

**IT IS HEREBY ADJUDGED THAT:**

1. The Court hereby finds and determines that the settlement set forth in the Settlement Agreement falls within the range of reasonableness and appears to be presumptively valid, and no objections were raised at the Final Approval Hearing. Based on its review of the Settlement Agreement, this Court finds that the Settlement Agreement is the result of (a) extensive, arm's-length negotiations between the Parties, (b) following an extensive investigation of the claims and law, (c) by experienced counsel on both sides, (d) who were fully familiar with the strengths and weaknesses of the claims. Specifically, while no single criterion determines whether a class action settlement meets the requirements of Rule 23(e), the Parties here reached a non-collusive settlement after sufficient discovery enabled counsel to form educated assessments about the strength of Plaintiff's claims, the validity of Defendants' defenses, the costs of proving the claims on a class wide basis, as well as the value of the case. Both sides have counsel experienced in class actions. Here, the Settlement Class consists of 317 Members. The settlement will result in an estimated average gross payment of approximately $250.00. This average recovery per class member is exceptional when compared to other wage and hour class action settlement involving non-exempt employees. Similarly, the settlement affords the Settlement Class prompt and substantial relief, while avoiding significant legal and factual hurdles that otherwise may have prevented the Settlement Class from obtaining any recovery at all. The outcome of

trial and any attendant appeals, were inherently uncertain. Thus, the requirements of Rule 23(e) are satisfied.

2. The Participating Settlement Class Members are hereby bound by the settlement, the settlement is finally approved, and that all terms and provisions of the settlement should, and hereby are ordered to, be consummated.

3. The Court hereby certifies the Settlement Class under Fed. R. Civ. Proc. 23 and 29 U.S.C. § 216(b), as defined in the Settlement Agreement, pursuant to the terms and conditions of the Settlement Agreement and solely for the purposes of settlement. The Settlement Class shall be certified for no purpose other than to effectuate the terms and conditions of the Settlement Agreement. This certification shall supersede and moot this Court's prior grant of conditional certification (under the FLSA) **only to the extent** of the claims released by the Settlement. This Court's prior grant of conditional certification as to claims not covered by the release set forth in the Settlement shall remain unaffected, subject to any further rulings of the Court. For the avoidance of doubt, this Court's prior grant of conditional certification of a subclass consisting of "[a]ll current and former hourly drivers who, within three years preceding the date of their decision to opt in to this action, were employed by both the Starline defendants and EHM in the State of California" is moot. (Dkt. 125 at 14-15.)

4. This Court has jurisdiction over the Parties and claims and finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3), have been met and that class certification for purposes of approving the Settlement is warranted. Additionally, this Court finds that, for purposes of settlement only, a collective action under 29 U.S.C. § 216(b) is appropriate for all claims arising under the FLSA.

5. Pursuant to this Court's Preliminary Approval Order, Notice was mailed to each Settlement Class Member by first class mail. The Notice informed

Settlement Class Members of the terms of the settlement, their right to be excluded from the settlement and pursue their own remedies, their right to object to the settlement, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the settlement.  The Court finds that Settlement Class Members were afforded adequate time for each of these procedures.

6. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members.  The Court further finds and determines that the Notice provided was the best notice practicable and satisfied the requirements of law and due process.  Accordingly, Settlement Class Member responses to the Notice provide the basis for the Court to make an informed decision regarding approval of the settlement.

7. No Settlement Class Member filed written objections to the proposed settlement as part of this notice process or stated an intent to appear and object at the Final Approval Hearing. No Settlement Class Member appeared at the Final Approval hearing of November 18, 2019 and objected.

8. The Court finds and determines that the individual settlement payments to be paid to Participating Settlement Class Members are fair and reasonable.  The Court hereby orders that payment of those amounts be made to Participating Settlement Class Members out of the Net Settlement Amount in accordance with the terms of the Settlement Agreement.

**JUDGMENT IS THEREFORE ENTERED AS FOLLOWS:**

9. Defendants STARLINE TOURS OF HOLLYWOOD, INC., STARLINE SIGHTSEEING TOURS, INC., STARLINE TOURS USA, INC., VAHID SAPIR, FARID SAPIR (collectively referred to as collectively referred to as "Defendants" or  "STARLINE") shall pay a maximum of $200,000 (the "Gross Settlement Amount") pursuant to the Settlement Agreement.  The following amounts shall be paid from the Gross Settlement Amount:

- Settlement Administration Costs, at Seven Thousand Dollars and Zero Cents ($7,000.00);
- Class Counsel's Fees and Costs, in the amount of Seventy Thousand Dollars and Zero Cents ($70,000.00) in fees and Seventeen Thousand Dollars and Zero Cents ($17,000.00) in costs (including reimbursements to Plaintiff Deponents for travel costs and parking);
- Premiums in the amount of $10,000.00 to Plaintiff William Brockman and $10,000.00 to Plaintiff Andres Reyes for a total of $20,000.00;
- Payment to the California Labor and Workforce Development Agency ("LWDA") of $5,000.00 to be allocated as follows: $3,750.00 to the LWDA; and $1,250.00 to the Participating Settlement Class Members in satisfaction of any civil penalties pursuant to Labor Code Section 2699(i); and
- Defendants' portion of state and federal employment taxes, including FICA, FUTA, Medicare, and California SDI.
- After above items are deducted from the Gross Settlement Amount, the remaining funds ("Net Settlement Amount") shall be distributed pro rata to Settlement Class Members pursuant to the Settlement Agreement.

10. Settlement Class Representative and Participating Settlement Class Members are hereby permanently barred from prosecuting against Defendants and the other Released Parties any of the Non-FLSA Settled Claims as defined in the Settlement Agreement.

11. As of the Effective Date of the Settlement Agreement, Settlement Class Representative and Participating Settlement Class Members shall be deemed to have, and by operation of this Final Judgment fully and irrevocably released and forever discharged Defendants and the other Released Parties from all Non-FLSA Settled Claims, as more fully set forth in the Settlement Agreement.

12. As of the Effective Date of the Settlement Agreement (or upon the date their check is cashed, deposited, or negotiated, whichever is later), Settlement Class Representative and Participating Settlement Class Members who cash, deposit or otherwise negotiate their checks within 180 days of issuance, or who have previously opted into this Action, shall be deemed to have, and by operation of this Final Judgment, opted into this Settlement for purposes of the Fair Labor Standards Act ("FLSA") and shall be deemed to have fully and irrevocably released and forever discharged Defendant and the other Released Parties from all FLSA Settled Claims, as more fully set forth in the Settlement Agreement.

13. Settlement Class Representative and Participating Settlement Class Members who cash, deposit or otherwise negotiate their checks within 180 days of issuance, or who have previously opted into this Action, are hereby permanently barred from prosecuting against Defendant and the other Released Parties any of the FLSA Settled Claims pursuant to the Settlement Agreement.

14. Without affecting the finality of this Judgment, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

15. The parties are hereby ordered to comply with the terms of the Settlement Agreement.

Dated: November 19, 2019

*/s/ Christina A. Snyder*
Hon. Christina A. Snyder
United States District Court Judge